

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SCOTT SNYDER,

                    Petitioner,

-against-

CHRISTOPHER ANGELINI, Administrator,
Federal Bureau of Prisons, USP Lewisburg
Satellite Camp,

                    Respondent.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

07-CV-3073 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Scott Snyder ("Snyder"), an inmate at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that the Bureau of Prisons ("BOP") failed to properly exercise its discretion in considering whether to transfer Petitioner to community or home confinement.[1] For the reasons stated below, the petition is denied.[2]

### I. STATUTORY BACKGROUND

Section 3621(b) of Title 18 of the United States Code requires the BOP to "designate the place of the prisoner's imprisonment." In determining which penal or correctional facility is appropriate or suitable, the BOP is directed to consider, among other factors,

    **(1)** the resources of the facility contemplated;

    **(2)** the nature and circumstances of the offense;

    **(3)** the history and characteristics of the prisoner;

    **(4)** any statement by the court that imposed the sentence –

---

[1] The court uses the term "community confinement" to refer to placement in a halfway house. BOP's term for a halfway house is a "Residential Reentry Center." (Gov. Br. 7.)

[2] This petition was originally filed in the Middle District of Pennslyvania on June 11, 2007. It was transferred to this district on July 23, 2007, after Petitioner was transferred by the BOP to the MDC.

1

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); see Levine v. Apker, 455 F.3d 71, 86 (2d Cir. 2006) (the Section 3621(b) factors are non-exclusive and so the BOP may also consider other factors).

In a February 2005 rulemaking, the BOP, in a "categorical exercise of discretion under 18 U.S.C. § 3621(b)," determined that it would designate "inmates to community confinement only as part of pre-release custody and programming." Levine, 455 F.3d at 83 (citing Community Confinement, Final Rule, 70 Fed.Reg. 1659-01 (Jan. 10, 2005) and 28 C.F.R. § 570.20(a)). The BOP further defined pre-release custody as "the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a).

In Levine v. Apker, the Second Circuit held that this categorical limitation on the period in which an inmate could be placed in community confinement was an improper exercise of the BOP's rulemaking authority. Because the rule prevented the BOP from considering any of the factors in Section 3621(b), it "unlawfully excised these parameters from the statute." Levine, 455 F.3d at 87.

Following Levine, the MDC returned to the policy it employed prior to December 2002, namely, that the BOP could place an inmate in community confinement for more than the last ten percent of his sentence, or more than six months, upon a showing by the inmate of an "extraordinary justification" for doing so. (Resp. Br. 13, citing BOP Program Statement 7310.4.)

2

## II. FACTUAL BACKGROUND

Petitioner was sentenced in the United States District Court for the Southern District of Florida on May 22, 2006 to a 46-month term of imprisonment and three years' supervised release for his involvement in a conspiracy to distribute a controlled substance. (Resp. Br. 4.) Snyder began serving his sentence on July 24, 2006. His projected release date is November 23, 2009. (Id.)

On November 21, 2007, Petitioner's Unit Team completed his annual Program Review Report, at which time the Unit Team recommended that Synder be considered for placement in community confinement no sooner than 11-13 months prior to his projected release date of November 23, 2009. (Resp. Br. Ex. B.)

Petitioner did not file any administrative requests or appeals regarding this determination. (Resp. Br. Ex. C.)

## III. PETITIONER'S ARGUMENTS

Petitioner has two separate arguments. First, he argues that the BOP has ignored its own regulations and improperly blocked his transfer to community confinement even though those regulations require such a transfer. (Pet. Br. 5.) Second, he argues that the BOP's position that it will only transfer an inmate to community confinement for longer than the last six months of his sentence upon a showing of an "extraordinary justification" is an unlawful categorical exercise of its discretion under Section 3621(b). (Id.)

The Government argues in opposition that Petitioners' claim must be rejected because he failed to exhaust the administrative remedies available to him within the BOP. (Resp. Br. 9-11.) Petitioner concedes that he did not exhaust his administrative remedies, but argues that

3

exhaustion was not necessary as he is challenging the BOP's "structural" failure to follow its own policies. (Pet. Rep. 6-7.)

As this court previously stated in its consideration of a challenge to the BOP's previous policy regarding transfers to community confinement, "the exhaustion requirement for Section 2241 petitioner is prudential, not statutory, [and] courts have frequently waived exhaustion requirements . . . on the grounds that exhaustion would be futile." Pimentel v. Gonzales, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005). In Pimentel, this court found that exhaustion was not necessary because petitioner's claim would likely be moot by the time he pursued administrative remedies, as he would by then likely be released from prison, and, more importantly, because he was challenging the BOP's categorical exercise of its discretion, which the BOP was unlikely to change in response to the petitioner's administrative appeal.

With respect to Petitioner's first argument, that the BOP is ignoring its own policies, the court finds that Petitioner should have exhausted his administrative remedies. Administrative appeals are the most appropriate procedure for overturning an agency decision that is in conflict with its own procedures. Administrative review gives the agency a chance to rectify its errors, and creates a more complete record that aids judicial review, if required. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Although administrative remedies might be deemed futile if Petitioner could demonstrate that the BOP were as a general rule ignoring its own policies, Petitioner has not so demonstrated. Instead, Petitioner has supported his argument to that effect only by citing to two petitions filed by other inmates. These petitions provide Petitioner little support for his position, as one was dismissed as moot, see Ciocca v. Angelini, 07-cv-890 (ARC), 2008 WL 4541944 (M.D. Pa. Oct. 9, 2008), and the other was dismissed because the BOP was found to have acted in accordance with its own valid policies, see Bunn v.

4

Angelini, 07-CV-891 (TIV), 2008 WL 648450 (M.D. Pa. Mar. 5, 2008). Petitioner should therefore have raised within the BOP his argument that the BOP was acting contrary to its own procedures. The court will therefore not consider this argument.

Petitioner's second argument is that the BOP's policy to require an "extraordinary justification" for transfer to community confinement for longer than six months is an unlawful categorical exercise of its discretion. This argument is not foreclosed by Petitioner's failure to exhaust administrative remedies because it would have been futile for Petitioner to raise this argument internally in the BOP, as his challenge would invariably have been denied. See Pimentel, 367 F. Supp. 2d at 372. Petitioner's argument, however, is denied on the merits. This court concurs with the other courts that have considered this issue that the BOP's "extraordinary justification" standard is an appropriate exercise of its discretion under Section 3621(b). See Miller v. Whitehead, 527 F.3d 752, 756-58 (8th Cir. 2008); Bunn, 2008 WL 648450, at *2-3. The BOP's policy still requires the BOP to consider all of the factors set forth in Section 3621(b), and merely superimposes upon that consideration a temporal standard which enables the BOP to prioritize inmate requests for transfer to community confinement. See Miller, 527 F.3d at 757 ("Taken to its logical conclusion, the argument advanced by the inmates would require the BOP to consider daily requests for transfer to [community confinement] from every inmate in a facility, and to deny such requests only after an individualized consideration of each inmate's request and the five statutory factors.").[3]

---

[3] Petitioner argues that changes made in 2007 to 18 U.S.C. § 3624 support his position that the BOP's policy is in violation of Section 3621(b). Section 3624 now provides that the BOP is required to provide transitional custody that affords inmates "a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community," for a portion of an inmate's final twelve months of imprisonment. See Second Chance Act, Pub. L. No. 110-199, § 251, 122 Stat. 657 (2008). Section 3624 previously provided that this portion was not to exceed an inmate's final six months of imprisonment. 18 U.S.C. § 3624 (2007). As Section 3624 continues to leave to the BOP's discretion the precise amount of time of transitional custody provided to inmates before release, this statutory change in no way undermines the BOP's determination that a transfer to community confinement for a period greater than six months will only be granted upon a showing of "extraordinary justification."

5

## IV. CONCLUSION

For the reasons stated above, the petition is dismissed. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 23, 2008

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge